**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
CIVIL ACTION NO. 5:26-cv-00780-BO-BM**

| | |
|---|---|
| **CHRISTOPHER FALZONE,**<br><br>Plaintiff,<br><br>v.<br><br>**AT&T MOBILITY LLC,**<br><br>Defendant. | **JOINT MOTION TO STAY PROCEEDINGS PENDING ARBITRATION** |

Plaintiff Christopher Falzone ("Plaintiff") and Defendant AT&T Mobility Services, LLC, identified in the Complaint as AT&T Mobility LLC ("Defendant") (collectively, the "Parties"), hereby jointly request and respectfully move this Court for an Order staying the above-captioned proceeding while Plaintiff pursues his claims in arbitration in accordance with the Parties' arbitration agreement. In support of this Motion, the Parties state as follows:

1. On October 7, 2026, Plaintiff filed an action against Defendant alleging violations of Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. § 2000e *et seq.,* 42 U.S.C. § 1981, and related state law claims. *See* ECF No. 1. Defendant denies Plaintiff's allegations and further denies that Plaintiff is entitled to any relief whatsoever.

2. In connection with Plaintiff's employment with Defendant, Plaintiff entered into a Management Arbitration Agreement ("MAA") with Defendant in which Plaintiff agreed to resolve disputes regarding the employment exclusively through binding arbitration. A true and correct copy of Plaintiff's MAA is attached hereto as **Exhibit A**.

3. The Federal Arbitration Act ("FAA") "leaves no place for the exercise of discretion by a district court but instead mandates that district courts *shall* direct the parties to proceed to

arbitration on issues as to which an arbitration agreement has been signed." *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985) (citing 9 U.S.C. §§ 3, 4) (emphasis in original).

4. A district court has inherent power to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants which includes the power to stay proceedings. *See Landis v. N. Am. Co*., 299 U.S. 248, 254 (1936); *see also Clinton v. Jones*, 520 U.S. 681, 706 (1997) ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket.").

5. Plaintiff does not contest that the claims alleged in the Complaint fall within the scope of the claims covered by his MAA, and Plaintiff has agreed to submit all of his claims in the above-captioned action to arbitration in accordance with the terms of the MAA.

6. As such, Plaintiff and Defendant request that the Court stay these proceedings while Plaintiff pursues his claims in arbitration.

7. Accordingly, the Parties request that the Court stay this action pending completion of the arbitration proceedings. *See* 9 U.S.C. § 3 ("[T]he court . .. upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration . . . **shall** on application of one of the parties stay the trial of the action.") (emphasis added); *see also Smith v. Spizzirri*, 601 U.S. 472, 478 (2024) ("When a district court finds that a lawsuit involves an arbitrable dispute, and a party requests a stay pending arbitration, § 3 of the FAA compels the court to stay the proceeding.").

8. In light of this Motion, Plaintiff further stipulates and agrees that Defendant is not required to file an answer or other responsive pleading to the Complaint in this action.

9. Plaintiff agrees to submit his claims to arbitration, should he wish to pursue his claims, within sixty (60) days of the Court's Order granting this Motion.

WHEREFORE, Plaintiff and Defendant jointly move the Court for an Order staying all proceedings herein pending completion of arbitration.

*Respectfully submitted, this the 10th day of November, 2026.*


**SPITZ, THE EMPLOYEE'S LAW FIRM**

By: */s/ Marsha Janelle Lyons*
Marsha Janelle Lyons
N.C. State Bar No. 35421
6135 Park South Drive, Suite 590
Charlotte, North Carolina 28210
Telephone: (980) 301-0755
Email: Janelle.Lyons@spitzlawfirm.com

*Attorney for Plaintiff*

**BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, P.C.**

By: */s/ Theresa M. Sprain*
Theresa M. Sprain
N.C. State Bar No. 24540
2235 Gateway Access Point, Suite 220
Raleigh, North Carolina 27607
Telephone: 984.844.7900
Email: tsprain@bakerdonelson.com

*Attorney for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was served upon counsel of record in the above-captioned action by electronic service through the Court's E-Filing system including:

Marsha Janelle Lyons
SPITZ, THE EMPLOYEE'S LAW FIRM
6135 Park South Drive, Suite 590
Charlotte, North Carolina 28210
Janelle.Lyons@spitzlawfirm.com

*Attorney for Plaintiff Christopher Falzone*

This the 10th day of November, 2026.

/s/ *Theresa M. Sprain*
Theresa M. Sprain
BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, P.C.
2235 Gateway Access Point, Suite 220
Raleigh, North Carolina 27607
Telephone: 984.844.7941
Email: tsprain@bakerdonelson.com

*Attorney for Defendant*